# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| MURLIN R. PHILLIPS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:03 CV 128 LMB |
| JASPER N. EDMUNDSON, JR., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on the Complaint of plaintiff Murlin R. Phillips in plaintiff's civil rights action pursuant to 42 U.S.C. § 1983 against defendant Jasper N. Edmundson, Jr. This case has been assigned to the undersigned United States Magistrate Judge pursuant to the Civil Justice Reform Act and is being heard by consent of the parties. See 28 U.S.C. § 636(c).

Presently pending is plaintiff's Motion to Reopen Case (Document Number 29), along with a supporting document titled "Plaintiff's Response to the Court Order"(Doc. No. 32). Defendant has filed a Response. (Doc. No. 30). Also pending is plaintiff's "Motion for Leave to Stay Proceedings Pending Limited Depositions." (Doc. No. 35).

### Background

In his Complaint, plaintiff states that plaintiff hired defendant to represent him in a state court criminal matter. Plaintiff alleges that defendant misled him into pleading guilty when plaintiff wanted to take the matter to trial. Plaintiff also claims that, after being incarcerated, he discovered that the victim, Wayne Limbaugh, was related to United States District Judge Stephen

- 1 -

N. Limbaugh, Sr. and Missouri Supreme Court Judge Stephen N. Limbaugh, Jr. Plaintiff alleges that an individual wearing a dark suit was present in the judge's chambers during sentencing and commented to the victim's family "I told you what he would get." Plaintiff claims that this unidentified individual improperly influenced the judge during plaintiff's sentencing proceeding.

On June 3, 2004, defendant filed a Motion to Dismiss, along with a Memorandum in Support. (Docs. No. 9, 10). Plaintiff filed a "Supplemental Complaint" on June 16, 2004. (Doc. No. 11). In his Supplemental Complaint, plaintiff claims that the unidentified person was either Judge Stephen N. Limbaugh, Sr. or Judge Stephen N. Limbaugh, Jr. Plaintiff further alleges that defendant Jasper N. Edmundson, Jr. knew or should have known the identity of this individual, defendant was privy to statements being made by the Limbaugh family, and defendant had a meeting of the minds with the prosecutor and the Limbaugh family to remain silent while one of the Limbaughs unlawfully entered the judge's chambers, thereby causing the judge to impose a life sentence.

On July 19, 2004, plaintiff filed a "Motion for Inquiry Concerning Conflict of Interest." (Doc. No. 15). In this motion, plaintiff requested a hearing on the grounds that Limbaugh, Russell, Payne & Howard, the law firm representing defendant, had a conflict of interest. Defendant filed a Response to plaintiff's motion. (Doc. No. 16). In his Response, defendant states that Judge Stephen N. Limbaugh, Sr. and Judge Stephen N. Limbaugh, Jr. are only very distantly related to the victim, Wayne Limbaugh. Defendant attached affidavits of Judge Stephen N. Limbaugh, Sr. And Judge Stephen N. Limbaugh, Jr. The affidavits state that their relationship to Wayne Limbaugh is so distant that neither of them have ever met Wayne Limbaugh, that neither of them were present at the sentencing of Murlin Phillips, and that neither of them had any

conversations with the prosecuting attorney or the judge regarding the sentencing of Murlin Phillips.

On October 25, 2004, plaintiff filed a Motion to Dismiss Action, voluntarily dismissing the action on the grounds that defendant is not a "state actor," within the meaning of Title 42 § 1983. On November 5, 2004, this court dismissed plaintiff's Complaint without prejudice for lack of jurisdiction. (Docs. No. 22, 23). Plaintiff filed a "Motion for Additional Time to File Reconsideration Challenging the Jurisdiction of the Court," on December 6, 2004, requesting that the court grant him additional time in which to file "a motion to reconsider, or Rule 59(e), and other appropriate motions." (Doc. No. 26). The court construed the motion plaintiff intended to file as a motion under Rule 60(b), and granted plaintiff 20 days from the date of the order in which to file any motion under Rule 60(b). (Doc. No. 27).

Plaintiff filed his Motion to Reopen Case on December 16, 2004. (Doc. No. 29). Plaintiff has also filed a "Response to the Court Order" (Doc. No. 32), in which he repeats the arguments he makes in his Motion to Reopen Case. Plaintiff argues that the court has not ruled on all of the issues raised in his Complaint. Plaintiff again asserts his claim that the Limbaugh judges were somehow involved in unlawful conduct surrounding his criminal sentencing proceeding. Plaintiff contends that the involvement of the Limbaugh judges in his criminal sentencing proceeding creates a conflict of interest, preventing the law firm of Limbaugh, Russell, Payne & Howard from representing defendant in the instant action.

In his Response, defendant claims that no such conflict of interest exists. Defendant asserts that he has already responded to plaintiff's allegations regarding a conflict of interest in his response to plaintiff's Motion for Inquiry Concerning Conflict of Interest. Defendant attached the

affidavits of Judges Stephen N. Limbaugh, Sr. and Stephen N. Limbaugh, Jr. to his response, which he claims demonstrate that no conflict of interest exists. Defendant argues that plaintiff's motion to reinstate his case should therefore be denied.

On May 27, 2005, the undersigned issued a Memorandum and Order, in which it construed defendant's response as a Motion for Summary Judgment due to the attachment of supporting affidavits, and directed plaintiff to show cause within thirty days from the date of the Memorandum and Order why summary judgment should not be granted in favor of defendant. In his response to the court's order, plaintiff filed his Motion for Leave to Stay Proceedings Pending Limited Depositions. In this motion, plaintiff requests that the court delay its ruling on defendant's motion for summary judgment so that plaintiff can take depositions in this matter. Plaintiff further requests that the court issue an order allowing the depositions of ten individuals by written questions that he has provided.

**Discussion**

A court may grant summary judgment when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, according to Federal Rule of Civil Procedure 56 (c). A fact is material only when its resolution affects the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252, 106 S. Ct. at 2512. In deciding a motion for summary judgment, the court must review the facts and all reasonable inferences in a light most favorable to the nonmoving party. See Canada v. Union Elec. Co., 135 F.3d 1211, 1212 (8th Cir. 1997).

In a motion for summary judgment, the movant bears the initial burden of proving the absence of any genuine issue of material fact that would preclude judgment for the movant. See City of Mt. Pleasant, Iowa v. Associated Elec. Co-op, Inc., 838 F.2d 268, 273 (8th Cir. 1988). Once the movant has met this burden, the non-movant may not rely on mere denials or bare allegations, but must point to specific facts that raise a triable issue. See Anderson, 477 U.S. at 249, 106 S. Ct. at 2510-2511. The non-movant must set forth specific facts, by affidavit or otherwise, sufficient to raise a genuine issue of material fact for trial. See Celotex Corp. v. Citrate, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). While a court may not automatically grant summary judgment based upon an unopposed motion, it may do so if it satisfies "itself that on the record before it, there are no genuine issues of material fact as to at least one of the necessary elements of plaintiff's case." Noland v. Commerce Mortgage Co., 122 F.3d 551, 553 (8th Cir. 1997).

Federal Rule of Civil Procedure 56(f) provides as follows:

(f) When Affidavits are Unavailable. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Rule 56(f) is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious. United States v. Light, 766 F.2d 394, 397 (8th Cir. 1985); Duffy v. Wolle, 123 F.3d 1026, 1040 (8th Cir. 1997). A party invoking its protections must do so in good faith by affirmatively demonstrating why he cannot respond to a movant's affidavits as otherwise required by Rule 56(e) and how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the

movant's showing of the absence of a genuine issue of fact.  Light, 766 F.2d at 397-98; Duffy, 123 F.3d at 1040.  Where a party fails to carry his burden under Rule 56(f), postponement of a ruling on a motion for summary judgment is unjustified.   Light, 766 F.2d at 398; Duffy, 123 F.3d at 1040.

Plaintiff requests that the court postpone ruling on defendant's motion for summary judgment so that he can take the depositions of ten different individuals.  Plaintiff, however, does not indicate how allowing him to take these depositions would aid him to oppose summary judgment.  Plaintiff merely states that he can show that the affidavits defendants have provided of the Limbaugh judges were "a manufactured lie."  Plaintiff does not provide any specific facts in support of this allegation.  "It is well settled that 'Rule 56(f) does not condone a fishing expedition' where a plaintiff merely hopes to uncover some possible evidence of a constitutional violation."  Duffy, 123 F.3d at 1041 (quoting Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997)).  Plaintiff's request for discovery appears to be a futile attempt to obtain any possible facts that would support his claim.  As such, the undersigned will deny plaintiff's Motion for Leave to Stay Proceedings Pending Limited Depositions.

Defendant has provided affidavits in support of his position that no conflict of interest existed and that plaintiff's motion to reinstate his case pursuant to Rule 60(b) should therefore be denied.  Plaintiff, however, has not responded to defendant's motion for summary judgment, and has provided no support for his motion to reinstate his case.  Rule 60(b) allows a party to seek relief from a final judgment or order if the party can prove mistake, inadvertence, surprise, excusable neglect, fraud, the judgment is void, or for "any other reason justifying relief from the operation of the judgment."  Fed.R.Civ.P. 60(b).  Such relief, however, is an "extraordinary

remedy" that is only justified by "exceptional circumstances." Watkins v. Lundell, 169 F.3d 540, 543-44 (8th Cir. 1999). Further, Rule 60(b) is "not a vehicle for simple reargument on the merits." Broadway v.Norris, 193 F.3d 987, 990 (8th Cir. 1999). Plaintiff does not cite any of the enumerated circumstances justifying relief from the court's judgment dismissing his Complaint. The court has set out its reasoning above to show why it would grant defendant's motion for summary judgment if it had jurisdiction to do so. Upon further research and consideration, the court finds it does not have jurisdiction to grant the Plaintiff's Motion to Reopen Case (Doc. No. 29).

**Jurisdiction**

At the time this court issued its Memorandum and Order (Doc. No. 34) containing an order to show cause, it thought it had jurisdiction to reach a decision.

Plaintiff had filed what is listed on the docket as Motion to Reopen Case, which is titled on the document itself as Plaintiff's Brief in Support of Reinstating Case (Doc. No. 29), in effect a discourse on possible conflict of interest of an attorney. As noted above, plaintiff did not properly reply to the Defendant's Response to Plaintiff's Motion for Inquiry Concerning Conflict of Interest (Doc. No.16) with affidavits attached which changed the response into a motion for summary judgment. Again, the court would grant summary judgment in defendant's favor if it had jurisdiction. It does not.

Both Defendant Jasper Edmundson and Plaintiff, himself, filed Motions to Dismiss (Docs. No. 9 and No. 21). On November 5, 2004, the court entered a Judgment of Dismissal Without Prejudice (Doc. No. 23). The dismissal was for lack of jurisdiction.

On December 6, 2004, Plaintiff filed his Motion for Additional Time to File

Reconsideration Challenging the Jurisdiction of the Court (Doc. No. 26) seeking additional time "to file a motion to reconsider, or rule 59(e), and other appropriate motions...." arguing that the court "failed to address the very issue that raised the federal claim," namely, collusion and conspiracy in his sentencing and conflict of interest in the present proceeding.

In an Order dated December 15, 2004 (Doc. No. 27), the court stated that plaintiff had filed his motion for additional time more than ten days after the judgment was entered on November 5, 2004, so that a motion under Rule 59(e) was not available under the provisions of the rule itself. The court further informed the plaintiff that the court could not grant any extension to the ten-day rule, citing Rule 6(b) and cases.

The court stated that it could construe a motion purportedly filed under Rule 59(e) out-of-time as a motion filed under Rule 60(b). Mistakenly thinking that under Rule 60(b) plaintiff had up to one year to file a motion under Rule 60(b), the court stated it "will construe the motion the plaintiff intends to file as a motion under Rule 60(b)." The court granted an extension of twenty days from the date of its order for the plaintiff to file his motion under Rule 60(b), also giving the defendant twenty days to file his response.

The court says it granted an extension "mistakenly thinking" that the plaintiff would have up to one year to file his motion, because the undersigned was not aware that in this Circuit the law is that any motion under Rule 60(b) must be filed within the time for filing an appeal, that is, within thirty days of the date of the judgment. As the Eighth Circuit Court of Appeals stated in <u>Lowrey v. McDonnell-Douglas Corporation</u>, 211 F.3d 457, 461 (8th Cir. 2000):

> A 60(b) motion also must be brought within a "reasonable time" and, "[t]o prevent its use as a substitute for appeal, we have required a Rule 60(b) motion alleging judicial inadvertence to be made within the time period allowed for appeal," that is,

thirty days from the entry of judgment. <u>Fox v. Brewer</u>, 620 F.2d 177, 180 (8th Cir. 1980).

Again, although this court purported to grant plaintiff additional time to file his motion under Rule 60(b), it did not have authority to do so. The court "may not extend the time for taking any action under Rules ... 59(b), (d) and (e) and 60(b), except to the extent and under the conditions stated in them." Fed.R.Civ.P. 6(b). <u>See</u> <u>also</u> <u>Browder v. Director, Dept. Of Corrections</u>, 434 U.S. 25l7, 261-62 n.5, 98 S.Ct. 556, 559-60 n.5 (1978); <u>Fox v. Brewer</u>, 620 F.2d at 179-180. Plaintiff filed his pleading listed on the docket sheet as Motion to Reopen Case (Doc. No. 29) on December 16, 2004, which was more than thirty days after the Judgment of Dismissal was entered on November 5, 2004.

A motion under Rule 60(b) filed more than thirty days after a final judgment is too late. <u>Sanders v. Clemco Industries</u>, 862 F.2d 161, 169 (8th Cir. 1988) citing <u>Spinar v. South Dakota Board of Regents</u>, 796 F.2d 1060 (8th Cir. 1986). In <u>Spinar</u>, the Court said:

> Moreover, even if the Motion for Reconsideration could be construed as asserting a ground for relief cognizable under Rule 60(b)(1), the District Court lacked jurisdiction because Spinar failed to file the motion within the thirty-day time limit for filing a notice of appeal. <u>See</u> <u>Fox</u>, 620 F.2d at 180 (requiring Rule 60(b)(1) motions to be made within the time period allowed for appeals);

796 F.2d at 1063.

Finally, even if we were to consider plaintiff's Motion for Additional Time to File Reconsideration Challenging the Jurisdiction of the Court as a motion under Rule 60(b), it would still be too late since it was filed on December 6, 2004, which was 31 days after the entry of the Judgment of Dismissal on November 5, 2004.

Under the case law in this Circuit, this court is without jurisdiction to consider Plaintiff's Motion to Reopen Case (Doc. No. 29).

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reopen Case (Doc. No. 29) be denied.

**IT IS FURTHER ORDERED** that this court having no jurisdiction to proceed, any pending unaddressed motions are denied.

Dated this  27th  day of September, 2005.

_____
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE